Michael Herbert **BECKER**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–76977.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Jan. 10, 2007.

Thomas H. Tousley, Esq., Thomas H. Tousley, Esq., Law Office of Thomas H. Tousley, Alexandria, VA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, OIL, DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM *

Michael Herbert Becker, a native and citizen of Germany, petitions for review of the Board of Immigration Appeals' ("BIA's") final order of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C).[2]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. Because Becker was found removable based on his 2004 conviction for a controlled substance offense, the Immigration and Nationality Act ("INA") generally bars judicial review of his case. However, under the Real ID Act of 2005 ("RIDA") we retain limited jurisdiction to consider legal and constitutional claims raised by petitioner. We review legal questions, including jurisdictional questions, constitutional questions, questions regarding the construction of the provisions of the INA, or questions regarding the construction of the agency's regulations de novo. *See Lal v. INS*, 255 F.3d 998, 1004 (9th Cir.2001). However, we must accord substantial deference to the agency's construction of the statute it administers. *See INS v. Aguirre–Aguirre*, 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999). We also give substantial deference to the agency's construction of its own regulations, which is controlling unless it is plainly erroneous or inconsistent with the language of the regulation. *Thomas Jefferson University v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994); *Lal*, 255 F.3d at 1004.

The Department of Homeland Security ("DHS") instituted removal proceedings against Becker on February 14, 2005, by filing with the Immigration Court a Notice to Appear ("NTA") charging that he was removable as an alien convicted of a controlled substance offense, in violation of INA § 237(a)(2)(B)(I), 8 U.S.C. § 1227(a)(2)(B)(I). Becker conceded he was removable as charged but requested cancellation of removal under INA § 240A(a), 8 U.S.C. § 1229b(a). On June 16, 2005, the Immigration Judge ("IJ") found Becker removable as an alien convicted of a controlled substance offense, denied his application for relief, and ordered him removed to Germany. The BIA issued an opinion affirming the IJ's decision on November 15, 2005.

▮ The IJ did not err in shifting the burden of proof to Becker, pursuant to 8 C.F.R. § 1240.8(d), requiring him to prove that his 1978 Arizona conviction for possession of marijuana for sale was not a drug-related felony. There was sufficient evidence in the record "indicat[ing] that one or more of the grounds for mandatory denial of the application for relief may apply" such that the IJ properly shifted the burden to Becker since "the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d). An FBI rap sheet indicating that Becker had been convicted of possession of marijuana for sale in 1978, along with Becker's own admissions, in his application for cancellation of removal and in his hearing testimony, that he had been convicted of possession of marijuana for sale constituted sufficient evidence in the record for the IJ to shift the burden of proof to Becker pursuant to 8 C.F.R. § 1240.8(d). We conclude that the IJ did not err in shifting the burden to Becker

pursuant to 8 C.F.R. § 1240.8(d) given the supportive evidence in the record.

▮ The IJ did not violate Becker's due process rights by depriving him of a meaningful opportunity to prove that he was eligible for cancellation of removal for a lawful permanent resident. The record demonstrates that the IJ assisted petitioner in fully developing the record, giving Becker a meaningful opportunity to present his case. Cf. Colmenar v. INS, 210 F.3d 967, 971–73 (9th Cir.2000) (finding a due process violation where the IJ indicated at the start of the hearing that he had already judged petitioner's claim, refused to allow petitioner to testify about anything in his written application, and in general, "behaved not as a neutral factfinder interested in hearing petitioner's evidence, but as a partisan adjudicator seeking to intimidate Colmenar and his counsel"). Nor did the IJ violate Becker's due process rights by failing to obtain the Arizona statute Becker was convicted under in 1978 since (1) the IJ properly advised Becker to consult an attorney when he inquired about the legal ramifications of his 1978 conviction, (2) the DHS repeatedly assured the IJ that they were in the process of obtaining the Arizona conviction documents, and (3) Becker himself, admitted to, rather than contested his 1978 conviction. Also, Becker's due process rights were not violated by the government's alleged "ambush" of Becker at the merits hearing with an oral motion to pretermit since the IJ specifically denied the government's motion as untimely and allowed Becker a full opportunity to present his case. Moreover, because the IJ did not violate Becker's due process rights, the BIA was not required to remand the case to the IJ.[3]

PETITION FOR REVIEW DENIED.

---

**3.** We address Becker's contention that our    decision in *Lopez–Castellanos v. Gonzales,* 437

F.3d 848 (9th Cir.2006), supercedes the BIA's finding that he is not eligible to apply for cancellation of removal in a simultaneously-filed published opinion.

